## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JONES COMPANY**                                      **CIVIL ACTION**

**VERSUS**                                             **No. 25-1645**

**SIGNATURE FLIGHT SUPPORT, LLC, ET AL.**              **SECTION I**

### ORDER AND REASONS

Before the Court are two motions[1] for partial summary judgment, filed by defendants Signature Flight Support, LLC ("Signature") and Phillip Everett ("Everett") (collectively, "defendants"). Both move for summary judgment on counts II and IV of the supplemental and amended complaint,[2] arguing that plaintiff The Jones Company ("TJC") cannot prove, as a matter of law, that Everett's conduct amounted to gross negligence. In addition, Signature moves for summary judgment on the issue of vicarious liability with respect to any damages caused by Everett's alleged concealment of and failure to report the damage to TJC's aircraft.

Because discovery continued after TJC responded to defendants' motions for summary judgment, TJC moved for leave to file a memorandum supplementing its opposition,[3] which this Court granted.[4] Defendants then moved for leave to file supplemental replies to TJC's supplemental opposition.[5] Those motions are granted

---

[1] R. Doc. No. 77; R. Doc. No. 78.
[2] R. Doc. No. 30.
[3] R. Doc. No. 90.
[4] R. Doc. No. 91.
[5] R. Doc. No. 94; R. Doc. No. 95.

1

and those replies have been considered by the Court in ruling on defendants' motions for summary judgment.

## I.    BACKGROUND

The factual background of this case has already been recounted in previous orders and reasons.[6] At the center of the dispute is a 2024 Embraer Phenom 300E aircraft (the "aircraft") owned by TJC, which was flown to New Orleans Lakefront Airport on December 30, 2024, and left in the care of Signature.[7] Upon landing, the aircraft's pilot signed a landing card, which purported to waive Signature's liability for "indirect, incidental, consequential, special or exemplary damages, whether in contract or tort."[8] According to TJC and Signature, later that day, Everett, a Signature employee, towed the aircraft and damaged its wing.[9] Relevant to the motions presently before the Court, the parties dispute what Everett did afterward. TJC alleges that when Everett damaged the aircraft, he "attempted to conceal the damage, failed to report it, and lied about it."[10] Everett instead alleges that he did not notice the damage until January 1, 2025, at which time he informed TJC and then reported it to Signature.[11]

TJC filed this action against Everett and Signature. Its supplemental and amended complaint alleges that Everett and Signature had been negligent and

---

[6] R. Doc. No. 63, at 2–9; R. Doc. No. 81, at 1–3.
[7] R. Doc. No. 63, at 2.
[8] *Id.* at 7.
[9] *Id.* at 3. "Everett does not know whether the damage to the aircraft occurred while he was towing it but acknowledges that it is possible." R. Doc. No. 100, at 8.
[10] R. Doc. No. 84, at 2.
[11] R. Doc. No. 78-2, at 6–7.

grossly negligent, and that Signature is vicariously for Everett's negligence and gross negligence.[12] This Court, in a prior order and reasons, found that the landing card's limitation of liability is unenforceable for claims alleging damages for gross negligence, but not unenforceable in its entirety.[13] Because Signature has admitted that Everett was at least negligent in towing the aircraft and that it is vicariously liable for Everett's towing,[14] the parties agree that Signature is at least liable for the damage to the aircraft, though they disagree with respect to the amount of damages.[15] The parties also dispute whether Everett was grossly negligent and whether Signature is liable for indirect damages.[16] Also, Signature argues that only Everett is liable for those damages caused by his concealment of and failure to report the accident because he was acting outside the scope of his employment.[17]

## II.    LEGAL STANDARD

Summary judgment is proper if, after reviewing the record, the Court determines "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], which

---

[12] R. Doc. No. 30 ¶¶ 19–31.

[13] R. Doc. No. 63, at 28.

[14] At the status conference on February 12, 2026, Signature conceded vicarious liability as to Everett's negligence. R. Doc. No. 29, at 1. At the pretrial conference, Signature also conceded that it would be vicariously liable if Everett had been grossly negligent in towing the aircraft.

[15] *Id.* at 1.

[16] R. Doc. No. 77-1, at 7; R. Doc. No. 78-2, at 2; R. Doc. No. 84, at 5.

[17] R. Doc. No. 77-1, at 9.

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant "can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claim*." Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 659 (5th Cir. 2025); *see* Fed. R. Civ. P. 56(c)(1)(B).

If the moving party meets its burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). This requires more than "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004). Instead, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1076.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 *Moore's Federal Practice* § 56.91 (3d ed. 2017)). The Court "must read all evidence in the light most favorable to the nonmoving party and likewise draw all reasonable inferences in that party's favor." *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194, 199 (5th Cir. 2019). But the Court will "refrain from making credibility determinations or weighing the

4

evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

## III.    ANALYSIS

Defendants urge the Court to grant summary judgment on the issue of gross negligence. TJC has offered caselaw from both Louisiana and federal courts suggesting that this question "is reserved for the jury."[18] But, as a federal court, this Court must decide whether summary judgment is merited pursuant to the Federal Rules of Civil Procedure, which does not categorically reserve such issues for the jury. *See, e.g.*, *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 224 (5th Cir. 1991) (affirming summary judgment on a gross negligence claim pursuant to Louisiana law).

### A.    Was Everett's Alleged Concealment of and Failure to Report the Damage to the Aircraft Tortious?

The parties dispute how the Court should analyze Everett's alleged concealment of and failure to report the damage to the aircraft. But this issue was not briefed clearly, so the Court will attempt to clarify and reconstruct the parties' arguments.

The legal basis for TJC's claims is Louisiana Civil Code article 2315. To assign tort liability for negligence claims pursuant to article 2315, the Louisiana Supreme Court has adopted a "duty-risk-analysis." *Doe v. Mckesson*, 339 So. 3d 524, 531 (La. 2022). This requires the plaintiff to prove that: "(1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by

---

[18] R. Doc. No 84, at 4.

the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached." *Id.*

TJC argues that Everett's alleged grossly negligent conduct, for which Signature is vicariously liable, encompasses both the towing of the aircraft and his alleged concealment of and delay in reporting the resulting damage.[19] TJC insists that "Everett's tortious conduct *as a whole rose* to the level of gross negligence" and it is not required to "prove that each discrete act or omission . . . caused separate and discrete damage."[20] On the other hand, defendants assert that this additional conduct cannot establish liability because it did not cause TJC any harm independent of the damage that had already been caused by the towing.[21]

Defendants are correct that Everett's alleged concealment of and failure to report the damage cannot give rise to negligence liability under Louisiana's duty-risk analysis. "Negligent conduct that does not cause injury is not actionable." *Broussard v. United States*, 989 F.2d 171, 178 (5th Cir. 1993) (per curiam) (citing La. Civ. Code art. 2315). If Everett had a legal duty to inform TJC of the damage to its aircraft, there is no evidence that his alleged breach was the cause-in-fact of TJC's injury.

Summary judgment is warranted for defendants on this point because TJC has failed to establish a genuine issue of material fact with respect to whether it was harmed by Everett's alleged concealment and failure to disclose. Defendants have

---

[19] R. Doc. No 84, at 12.
[20] *Id.* (emphasis added).
[21] R. Doc. No. 77-1, at 10–11; R. Doc. No. 78-2, at 9–10.

carried their burden on summary judgment "by pointing the court to the absence of admissible evidence to support" TJC's claim that it had been injured as a result of the alleged concealment. *See Clark*, 141 F.4th at 659. And, TJC has failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *See Little*, 37 F.3d at 1075. TJC's principal admitted that the alleged delay did not worsen the damage to the plane,[22] and the only additional costs TJC claims to have incurred are "the expense of additional hotel nights, transportation, and alternative flights."[23] However, TJC has provided no summary judgment evidence that learning about the damage to the aircraft on December 30, rather than January 1, would have reduced these costs. The aircraft could not have been repaired or made ferriable during this period,[24] and TJC did not show that with earlier notice, the repairs could have been completed sooner.

Everett's alleged concealment of and failure to disclose the damage to the aircraft may be evidence of his state of mind and, accordingly, whether his towing was grossly negligent. But this conduct was not itself grossly negligent because it did not cause TJC any harm.[25] Without an underlying tort attributable to Everett for the alleged concealment and failure to report, there is no need for the Court to address whether Signature could be vicariously liable for this conduct.

---

[22] R. Doc. No. 94-4, at 73:12–19.

[23] R. Doc. No. 84, at 13.

[24] R. Doc. No. 100, at 10.

[25] TJC may still seek to recover indirect damages because, as discussed below, it has established a genuine issue of material fact as to whether Everett's towing was grossly negligent.

**B.    Was Everett Grossly Negligent?**

While Everett's alleged concealment of and failure to disclose the damage to the aircraft were not part of his tortious conduct, TJC has produced sufficient evidence to establish that whether Everett's towing was grossly negligent is a genuine issue of material fact. Therefore, defendants are not entitled to summary judgment on that issue.

"Under Louisiana law, gross negligence is willful, wanton and reckless conduct that falls between intent to do wrong and ordinary negligence." *Houston Exploration Co. v. Halliburton Energy Servs., Inc.*, 269 F.3d 528, 531 (5th Cir. 2001).

> Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care."

*Tisdale v. Hedrick*, 359 So.3d 484, 491 (La. 2023) (quoting *Ambrose v. New Orleans Police Dep't Ambulance Serv.*, 639 So.2d 216, 219–20 (La. 1994)). TJC and Signature, but not Everett, seem to argue that to prove gross negligence, the plaintiff must establish that the tortfeasor was subjectively aware of the risk of injury.[26] However, the Louisiana Supreme Court has noted that the definitions of wanton and reckless conduct and gross negligence "have tended to merge and take on the same meaning."

---

[26] *Compare* R. Doc. No. 84, at 5 (TJC), *and* R. Doc. No. 77-1, at 12 (Signature), *with* R. Doc. No. 78-2 (Everett).

*Tisdale*, 359 So.3d at 491 (quoting *Ambrose*, 639 So.2d, at 220). And, it has defined wanton and reckless conduct to mean that:

> the defendant proceeded in disregard of a high and excessive degree of danger, either known to him or apparent to a reasonable person in his position, or that the defendant engaged in highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

*Warren v. Shelter Mutual Ins. Co.*, 233 So.3d 568, 587 (La. 2017) (internal quotation marks omitted) (quoting *Bonnette v. Conoco, Inc.*, 837 So.2d 1219 (La. 2003)); *see also Houston Exploration*, 269 F.3d at 532.

Under the standard quoted above, a jury could find gross negligence. TJC's argument relies on two propositions: (1) that the fire hydrant the aircraft collided with was an obvious hazard that Everett was aware of or should have been aware of;[27] and (2) Everett violated Signature's standard operating procedures during the tow by veering at least thirty feet off of the predetermined tow path, in this case, the centerline of the taxiway, without using "wing walkers" to watch his tow.[28] Taken together, TJC alleges that these two propositions establish gross negligence.

Defendants spend time trying to prove that the first proposition is false, relying primarily on Everett's own testimony that he had never noticed the fire hydrants because they were covered by tall grass.[29] But, TJC has provided sufficient evidence to establish a genuine dispute of material fact with respect to this issue. TJC has

---

[27] R. Doc. No. 84, at 7–9.

[28] *Id.* at 15–16. Some of the violations of the standard operating procedures identified by TJC are not relevant because they pertain only to Everett's conduct after the collision, and others are duplicative of the allegations regarding the fire hydrant. *Id.* at 16–17.

[29] R. Doc. No. 77-1, at 6; R. Doc. No. 78-2, at 4–5.

offered photos taken on January 1 that show the fire hydrant was not obscured by grass.[30] In addition, one of Signature's line supervisors testified that Signature had informed its employees about the hydrant.[31] Contrary to Signature's argument, at this stage of the proceeding, the Court is unwilling to disregard the fact that a reasonable jury could discount Everett's testimony, and relying on the testimony of the line supervisor and what is clearly depicted in the photographs, find that the hydrant was not obscured by grass on December 30, and that Everett was either aware of the hydrant or should have been.

If both of TJC's central allegations are to be believed, then Everett drove thirty feet off a marked route in the direction of a visible obstruction without the assistance of wing walkers. This could be construed as more than "[m]ere inadvertence or honest mistake." *Houston Exploration Co.*, 269 F.3d at 532. Signature's Area Safety Director has testified that Everett violated Signature's standard operating procedures by not using wing walkers while towing so close to a hazard.[32] Another Signature employee testified that he uses wing walkers every time he tows on the taxiway Everett had towed on because it is "procedure."[33] And, Everett was terminated, in part, for "multiple avoidable" standard operating procedure violations during this tow.[34] Everett argues that his years of experience as a tow operator imply that the risks of

---

[30] R. Doc. No. 84-2.

[31] R. Doc. No. 92-2, at 47:13–48:3.

[32] R. Doc. No. 92-1, at 28:3–11, 64:6–13.

[33] R. Doc. No. 92-2, at 42:15–43:4.

[34] R. Doc. No. 77-6, at 2.

his conduct could not have been great.[35] But this could also imply that Everett was so experienced that the danger presented by his conduct must have or should have been apparent to him.

Accordingly, defendants' motions for partial summary judgment are denied with respect to whether Everett was grossly negligent in towing the aircraft because TJC has produced sufficient evidence to establish that this is a genuine issue of material fact. Finally, as the Court explained above, it does not need address whether Signature is vicariously liable solely for Everett's alleged concealment of and failure to report the damage to the aircraft.

## IV.    CONCLUSION

**IT IS ORDERED** that defendants' motions[36] for leave to file replies to TJC's supplemental opposition are **GRANTED**. The replies shall be filed into the record.

**IT IS FURTHER ORDERED** that Signature's and Everett's motions[37] for partial summary judgment are **GRANTED IN PART AND DENIED IN PART**. The motions are granted with respect to TJC's claims concerning Everett's alleged concealment of and failure to report the damage to TJC's aircraft. The motions are denied in all other respects.

New Orleans, Louisiana, July 9, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. No. 78-2, at 5.
[36] R. Doc. No. 94; R. Doc. No. 95.
[37] R. Doc. No. 77; R. Doc. No. 78.